IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## THURMAN PETE ROLLAND, PRO SE v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 89-W-370   Cheryl A. Blackburn, Judge**

_____

**No. M2002-02709-CCA-R3-CO - Filed March 12, 2004**

_____

The Petitioner, Thurman Pete Rolland, appeals the trial court's dismissal of his third petition for post conviction relief.  The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.  The Petitioner had no authority to file a third petition for post-conviction relief, and the statute of limitations had expired.  Accordingly, the State's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, joined.

Thurman Pete Rolland, pro se.

Paul G. Summers, Attorney General & Reporter; John H. Bledsoe, Assistant Attorney General, for the appellee, State of  Tennessee.

### MEMORANDUM OPINION

This matter is before the court upon motion of the appellee, the State of Tennessee, to affirm the judgment in this case pursuant to Rule 20, Rules of the Court of Criminal Appeals.  The appellant, Thurman Pete Rolland, has filed a response in opposition.

The appellant is appealing the trial court's dismissal of his third petition for post-conviction relief.  On October 3, 1990, the petitioner was found guilty by a jury of four counts of armed robbery and twelve counts of aggravated kidnapping.  Petitioner's motion for new trial was denied on March 14, 1991, and petitioner then appealed his conviction to this court.  This court issued an opinion on April 29, 1992, affirming in part, reversing in part and remanding the case back to the trial court to amend the record in accordance with the appellate court's ruling.  State v. Rolland, No. 01C01-9108-

CR-00238 (Tenn. Crim. App. at Nashville April 29, 1992). On May 27, 1992, by and through appointed counsel, appellant filed an application for permission to appeal to the Supreme Court, which was denied on July 27, 1992.

On September 21, 1992, petitioner filed his first petition for post-conviction relief, which was denied on June 21, 1993. Petitioner's counsel did not file an appeal to this court from the denial of the post-conviction petition. Petitioner filed a complaint with the Tennessee Board of Professional Responsibility as a result, and petitioner's court-appointed counsel was publicly censured for his failure to file an appeal.

On June 23, 1995, petitioner filed his second petition for post-conviction relief, arguing that his counsel was ineffective for failing to appeal the denial of his post-conviction petition. The post-conviction court appointed counsel for petitioner. On December 18, 1997, the post-conviction court dismissed petitioner's second petition for post-conviction relief, finding that the statute of limitations had expired. Petitioner's counsel did not appeal the December 18, 1997 order.

Three-and-one-half years later, petitioner filed a *pro se* Rule 11 application with the Tennessee Supreme Court. On August 8, 2001, the Tennessee Supreme Court ruled that Petitioner was in fact requesting the court to grant a delayed appeal in a post-conviction case and denied his request. Petitioner next filed a motion to late file a brief in this court on November 5, 2001, which was denied on December 14, 2001. Thereafter, Petitioner again petitioned the Supreme Court for a Rule 11 application for permission to appeal, which was denied on June 3, 2002.

On August 27, 2002, Petitioner filed his third petition for post-conviction relief, arguing that his issues were not time barred or waived because he did not have a fair hearing on his first or second petitions for post-conviction relief. The post-conviction court dismissed the petition by order dated September 26, 2002.

Tennessee Code Annotated Section 40-30-102(a) provides that a petition for post-conviction relief must be filed within one year from final judgment. The appellant filed his petition well beyond the time allowed by the statute, and none of the enumerated exceptions to this time limit apply in this case. See Tenn. Code Ann. § 40-30-102(b). Under the Post-Conviction Procedure Act, exceptions to the statute of limitations are explicitly set forth, *i.e.,* (1) claims based upon a new rule of constitutional law applicable to a petitioner's case, (2) claims based upon new scientific evidence showing innocence, and (3) claims based upon sentences that were enhanced because of a previous conviction and the previous conviction was subsequently found to be illegal. See Tenn. Code Ann. § 40-30-102(b)(1)-(3) (2003 Repl.). Petitioner has failed to assert one of these exceptions for tolling the statute. He cites no new constitutional rule, refers to no new scientific evidence, and makes no claim that an earlier conviction has been overturned. See Tenn. Code Ann. § 40-30-106(g) (2003 Repl.). Thus, no grounds exist as an exception to the statute of limitations. Moreover, the Post-Conviction Procedure Act does not contemplate the filing of successive petitions. The filing of only one petition for post-conviction relief attacking a single judgment is contemplated by Tennessee Code Annotated Section 40-30-102(c).

Accordingly, the state's motion is hereby granted. The judgment is affirmed in accordance

with Rule 20, Rules of the Court of Criminal Appeals.  Because the appellant is indigent, costs are taxed to the state.

_____
ROBERT W. WEDEMEYER, JUDGE